Electronically FILED by Superior Court of California, County of Los Angeles on 07/13/2021 10:19 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk

Alex Farzan (SBN 312771)
**THE LAW OFFICE OF ALEX FARZAN**
10866 Wilshire Blvd., Suite 400
Los Angeles, CA 90024
Telephone: (424) 325-3112
Email: alex@farzanlaw.com

Attorney for Plaintiff,
LIAT MESHULAM

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
# FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| LIAT MESHULAM,<br><br>Plaintiff,<br><br>vs.<br><br>BOB'S DISCOUNT FURNITURE, LLC, and DOES 1 to 10,<br><br>Defendants. | Case No. 21STCV25646<br><br>UNLIMITED CIVIL CASE<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>1. **AGE DISCRIMINATION (Cal. FEHA; Govt. Code §12900, et seq.)**<br>2. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**<br>3. **DISPARATE IMPACT AGE DISCRIMINATION IN VIOLATION OF FEHA**<br><br>[*Demand for Jury Trial*] |

## INTRODUCTION

1.      This action arises out of Defendant BOB'S DISCOUNT FURNITURE LLC's wrongful termination of Plaintiff LIAT MESHULAM's employment as a Part Time Sales Associate under the pretext of a company-wide Reduction in Force policy during the COVID-19 pandemic.  Liat, 64, suffered from age discrimination when she was laid off under the guise of a "Reduction in Force" policy and then replaced by younger employees with similar or inferior job performance skills and qualifications.

///

///

## THE PARTIES

2. Plaintiff LIAT MESHULAM ("Plaintiff" or "Liat") is a 64-year-old resident of Los Angeles County.

3. Defendant BOB'S DISCOUNT FURNITURE, LLC ("BOB'S") is a Massachusetts Limited Liability Company registered to do business in the State of California. BOB'S is a well-known seller of furniture and mattresses with over 100 stores nationwide. BOB'S employs more than 20 regular employees operating within the State of California and Los Angeles.

4. The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants sued herein as DOES 1 to 10, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictious names under Code of Civil Procedure § 474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

5. Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attribute to the other Defendants. Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff.

## JURISDICTION AND VENUE

6. Jurisdiction is proper in this court because the acts, occurrences, and statutory violations which form the basis of this action all occurred in Los Angeles County, California.

7. Plaintiff is over the age of 40 and accordingly a member of a protected class pursuant to the FEHA.

8. On December 14, 2020, Plaintiff filed charges with the EEOC related to the instant claims. She also obtained a right to sue from the DFEH regarding her discharge. Therefore, all requisite administrative remedies have been exhausted prior to bringing this action.

## FACTUAL ALLEGATIONS

9. On September 3, 2019, Liat was hired as a Part Time Sales Associate at BOB'S' retail store located in West Hills, California.

10. Throughout the course of her employment, Plaintiff performed exceedingly well. Within only months of starting her job, her performance was at or above the average level of performance of other sales associates at her store location. Liat enjoyed working for BOB'S and was grateful to be employed.

11. On March 23, 2020, in response to the COVID-19 pandemic, BOB'S temporarily closed the West Hills store and placed Plaintiff on furlough until further notice (the "Furlough Period"). In a letter explaining the same, BOB'S stated, "It is our intention to reopen **and recall** employees, if and when circumstances allow." (Emphasis added.). During the Furlough Period, Liat and other similarly situated employees were on an unpaid leave of absence.

12. In or around June 2020, BOB'S reopened the West Hills store and allowed some employees who were younger than Liat to return from furlough. However, Plaintiff, unlike her younger coworkers, was never asked to return. BOB'S allowed sales associates who were younger than Liat and whose job performance was equal to or less than that of Liat's to return to work while Liat remained on furlough.

13. On or around July 2020, Plaintiff's manager, Mark LNU, verbally explained to Liat that she would be laid off as a result of declining business conditions following COVID-19.

14. On July 29, 2020, BOB'S Human Resources department sent a letter to Liat informing her that "due to a reduction in workforce across the organization," her last day of employment was August 7, 2020.

15. Plaintiff is informed and believes that two other Sales Associates at BOB'S West Hills location who were in their 60s were laid off as well under the same "reduction in force" pretext.

16. Shockingly, as soon as August 27, 2020, Liat became aware that BOB'S had posted job opportunities seeking new employees for her former position at the same store location. This was a clear indication that BOB'S did not lay her off due to her performance or a reduction in force. Moreover, it showed that BOB'S representations that they would recall employees and would offer her reemployment in the future were lies.

17. Plaintiff is informed and believes, and on that basis alleges that BOB'S selected Plaintiff for termination in the reduction in force on the basis of her age. Plaintiff alleges, on information and belief, that BOB'S retained employees younger than Plaintiff, whose job performance was equal to, if not less than Liat's, who were not in Plaintiff's protected class.

18. Plaintiff is further informed and believes, and thereon alleges, that the Defendant has, in fact, hired new salespersons significantly younger than Liat, without recalling Plaintiff or others in her protected class. In sum, the claim of business necessity, a lack of resources, uncertainty, etc. were all a pretext to cover up invidious discrimination.

19. From the period beginning June 2020, Liat became apprehensive about her future at BOB'S and suffered emotional distress and mental anguish about the way she was being treated and fear of losing her job.

20. Ever since she was terminated, Plaintiff has suffered deeply from embarrassment, emotional distress, humiliation, and mental pain and suffering.

21. Plaintiff has persistently sought new employment opportunities but has yet to receive any suitable job offers to date.

22. On December 14, 2020, Plaintiff filed a charge of discrimination with the EEOC, alleging employment discrimination by BOB'S due to her age. On June 14, 2021, Plaintiff received a "right to sue" letter from the California Department of Fair Employment and Housing for the same claims giving rise to this action. Accordingly, Plaintiff has exhausted all administrative remedies required to bringing this lawsuit.

///

///

///

## FIRST CAUSE OF ACTION

## AGE DISCRIMINATION

### (CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT; GOVT. CODE § 12900-12996)

### (Against All Defendants)

23. Plaintiff incorporates by this reference each and all of the allegations contained in the preceding paragraphs as if fully set forth herein.

24. BOB'S intentionally terminated Plaintiff, because of her age, and replaced her with a substantially younger employee(s) with equal or inferior qualifications. The termination occurred despite Plaintiff being qualified for the job and performing satisfactorily.

25. BOB'S further discriminated against Plaintiff by refusing to have her return to work during the furlough period while other younger sales associates were given the opportunity to return to work. This deprived Liat of the ability to earn a wage, improve her job performance, be promoted, and enjoy doing the job she loved.

26. The conduct of the Defendant was undertaken with malice, oppression, and fraud thereby entitling Plaintiff to an award of punitive damages. Plaintiff is informed and believes that such actions were undertaken by managing agents or authorized, approved, and ratified by managing agents of the Defendant.

27. As a direct and proximate result of BOB'S discrimination, Plaintiff has suffered damages including, but not limited to, back pay, front pay, lost benefits, damage to her professional reputation, emotional distress, and other general and special damages according to proof.

## SECOND CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against All Defendants)

28. Plaintiff incorporates by this reference each and all of the allegations contained in the preceding paragraphs as if fully set forth herein.

29. Defendant wrongfully terminated the employment of Plaintiff in violation of fundamental public policies prohibiting age discrimination of employment as embodied in the Constitution of the State of California and at California Government Code § 12940, *et seq.*, and in the ADEA.

30. It is against public policy in California to terminate employees based upon age. *California Unemployment Insurance Code section 2070* states: "It is the public policy of the State of California that manpower should be used to its fullest extent. This statement of policy compels the further conclusion that human beings seeking employment, or retention thereof, should be judged fairly and without resort to rigid and unsound rules that operate to disqualify significant portions of the population from gainful and useful employment. Accordingly, use by employers, employment agencies, and labor organizations of arbitrary and unreasonable rules which bar or terminate employment on the ground of age offend the public policy of this State."

31. Plaintiff alleges that she was the subject of disparate treatment due to her age.

32. Plaintiff alleges that the layoff resulted in a disparate impact on her protected class.

33. As a direct and legal result of the conduct of Defendant, their agents, and their employees, each Plaintiff has suffered, and will suffer damages of lost wages and benefits, past and future, according to proof; and general damages for pain and suffering. Plaintiffs claim such amounts as damages together with pre-judgment interest pursuant to California Civil Code Section 3287 and/or any other provision of law providing for pre-judgment interest.

34. The conduct of the Defendant was undertaken with malice, oppression, and fraud thereby entitling Plaintiff to an award of punitive damages. Plaintiff is informed and believes that such actions were undertaken by managing agents or authorized, approved, and ratified by managing agents of the Defendant.

///

///

///

///

# THIRD CAUSE OF ACTION

## DISPARATE IMPACT AGE DISCRIMINATION IN VIOLATION OF FEHA

### (Against All Defendants)

35. Plaintiff incorporates by this reference each and all of the allegations contained in the preceding paragraphs as if fully set forth herein.

36. At all times relevant to this complaint, Government Code § 12900 *et seq.*, and its implementing regulations were in full force and effect.

37. A disparate impact theory of proof may be used in claims of age discrimination under Gov't. Code § 12941.

38. Defendant claims that they used a performance formula in selecting which employees to terminate. Defendant's facially neutral policies and practices in implementing the reduction in force disproportionately led to the discipline and termination of older employees in violation of the law.

39. Defendant's wrongful conduct has caused Plaintiff to suffer and continues to suffer injury, including, but not limited to, loss of income and benefits, severe emotional distress, and other damages in an amount according to proof at the time of trial.

40. In doing the acts herein alleged, Defendant acted with oppression, fraud, malice, and in reckless or in willful disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages in an amount according to proof at the time of trial.

///
///
///
///
///
///
///
///
///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a judgment against Defendant Bob's Discount Furniture, LLC on all causes of action as follows:

1. Declare the Defendant's conduct to be in violation of her rights;

2. Enjoin the Defendant from engaging in such conduct;

3. For compensatory, general and special damages against Defendant, in an amount to be proven at trial;

4. For statutory damages;

5. For punitive and exemplary damages, where authorized by Federal or State law in an amount appropriate to punish and deter;

6. For an award of costs;

7. For costs and reasonable attorney's fees as authorized by statute or law;

8. For an award of pre-judgment interest on the said sum at the rate of 10% per annum from August 7, 2020 to the date of judgment herein;

9. For an award of post-judgment interest for the maximum amount allowed by law;

10. For such other relief, including injunctive and/or declaratory relief as the Court may deem proper; and

11. For any and all other relief the Court deems just and proper.

Dated: July 13, 2021                            **THE LAW OFFICE OF ALEX FARZAN**

By: *Alex Farzan*
Alex Farzan, Esq.
Attorney for Plaintiff

## **REQUEST FOR JURY TRIAL**

Plaintiff demands a jury to try all claims triable by a jury.

Dated: July 13, 2021                    **THE LAW OFFICE OF ALEX FARZAN**

By: *Alex Farzan*
Alex Farzan, Esq.
Attorney for Plaintiff

Electronically FILED by Superior Court of California, County of Los Angeles on 07/13/2021 10:19 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez, Deputy Clerk

Case 2:21-cv-07157-FMO-KS   Document 1-1   Filed 09/07/21   Page 10 of 11   Page ID #:21

21STCV25646

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BOB'S DISCOUNT FURNITURE, LLC and DOES 1 to 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LIAT MESHULAM

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Los Angeles Superior Court, Central District
111 North Hill St. Los Angeles, CA 90012

CASE NUMBER: *(Número del Caso):*
21STCV25646

Sherri R. Carter Executive Officer / Clerk of Court

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Alex Farzan (SBN 312771) The Law Office of Alex Farzan, 10866 Wilshire Blvd., Suite 400, Los Angeles, CA 90024 (424) 325-3112

DATE: 07/13/2021
*(Fecha)*

Clerk, by R. Perez , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

Electronically FILED by Superior Court of California, County of Los Angeles on 07/13/2021 10:19 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez, Deputy Clerk
Case 2:21-cv-07157-FMO-KS Document 1 Filed 09/07/21 Page 11 of 11 Page ID #:22
21STCV25646

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Alex Farzan (312771)<br>The Law Office of Alex Farzan 10866 Wilshire Blvd., Suite 400<br>Los Angeles, CA 90024<br>TELEPHONE NO.: FAX NO. (Optional):<br>ATTORNEY FOR (Name): LIAT MESHULAM | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles**
STREET ADDRESS: 111 North Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Central District

**CASE NAME:**
LIAT MESHULAM v. BOB'S DISCOUNT FURNITURE, LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 21STCV25646<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[x] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): THREE (3)
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: July 13, 2021

Alex Farzan ▶ /s/ Alex Farzan
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov